UNITED STATED DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

TIA ANISTON MARQUEZ,                    CASE NO.

    Plaintiff,

v.

MEDIACOM NEW YORK LLC d/b/a
MEDIACOM COMMUNICATIONS
CORPORATION,

    Defendant.
_____/

## COMPLAINT

Plaintiff, TIA ANISTON MARQUEZ, hereby sues Defendant, MEDIACOM NEW YORK LLC d/b/a MEDIACOM COMMUNICATIONS CORPORATION, and alleges:

## NATURE OF THE ACTION

1. This is an action brought under Chapter 760, Florida Statutes and 42 U.S.C. §2000e et seq..

2. This is an action involving claims which are, individually, in excess of Seventy Five Thousand Dollars ($75,000.00), exclusive of costs and interest. Jurisdiction of this Court is invoked pursuant 28 U.S.C. §1331 (federal question jurisdiction), 28 U.S.C. §1343 (civil rights claim jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction).

**THE PARTIES**

3. At all times pertinent hereto, Plaintiff, TIA ANISTON MARQUEZ, has been a resident of the State of Florida and was employed by Defendant. Plaintiff is a member of a protected class because of gender and due to the fact that Plaintiff reported unlawful employment practices and was the victim of retaliation thereafter.

4. At all times pertinent hereto, Defendant, MEDIACOM NEW YORK LLC d/b/a MEDIACOM COMMUNICATIONS CORPORATION, operated and existed in Bay County, Florida, which is within the jurisdictional boundaries of this Court. This Defendant has also been an "employer" as that term is used under the applicable laws identified above.

5. Plaintiff has satisfied all conditions precedent to bringing this action. This action is timely filed thereafter.

**STATEMENT OF THE ULTIMATE FACTS**

6. Plaintiff was initially employed with Defendant in or about May 2010 and held the position of Customer Service Representative

7. Beginning in or about August 2010, Plaintiff began to have issues with a co-employee, Mark Arnold, specifically that Arnold would loiter in Plaintiff's work area and otherwise leer at Plaintiff in the workplace. Plaintiff reported Arnold's behavior to a supervisor, Robert Kissam. Despite this report, only a temporary change was noted in Arnold's behavior

8. In or about the middle of November 2010, Plaintiff again reported to Kissam that Arnold had lapsed into the inappropriate behaviors again that she previously reported.

2

Based on the continued actions by Arnold, on or about December 1, 2010, Plaintiff requested to supervisors, Paul Pitts and Joseph Pridgen, that Plaintiff's work station be moved closer to a "panic button". This request was made due to the continued inappropriate behaviors of Arnold towards Plaintiff such that Plaintiff was in fear of bodily harm. After Defendant never responded to the request, Plaintiff moved the workstation on or about December 15, 2010.

9. On or about January 2, 2011, Plaintiff requested to Daryl Lee that the "kiosk computer" be moved so that Arnold would discontinue loitering in Plaintiff's work area and otherwise leering at Plaintiff.

10. On or about March 15, 2011, Arnold touched Plaintiff's breast. Plaintiff reported this unconsented contact to Defendant's agents Kissam and June Gregg. Plaintiff was told that the report would be handled by Kissam and Sam Simpson in concert with Defendant's Human Resources Department.

11. On or about April 28, 2011, Plaintiff was involved in a heated confrontation with Arnold due to his continued inappropriate behaviors towards her. Specifically, Plainitiff twice asked Arnold to leave her work area, however he moved closer towards Plainitiff on both occasions, such that Plainitiff believed that Arnold was going to attack her. Plaintiff immediately reported the incident to Shalonda Palmer of Defendant's Human Resource Department, as well as Simpson, Gregg, and Kissam. When Plaintiff queried Sonja Hudson, Defendant's Human Resources Manager, about the prior incidents, Hudson replied that she was not aware of any previously reported issues, indicating that the entirety of Arnold's inappropriate behaviors, including but not limited to the inappropriate touching, had not

3

been reported to Defendant's Human Resources Department for an investigation or other review.

12. In or about June 2011, Plaintiff filed a Charge of Discrimination regarding her inappropriate treatment by Arnold and Defendant's failures to investigate or otherwise remedy known problems. Plaintiff was terminated thereafter in June 2011, and upon information and belief, was replaced by a male.

13. In or about November 2011, Plaintiff applied for three open positions with Defendant. Plaintiff was fully qualified but was not selected for any of the three positions. In or about January 2012, Defendant notified Plainitiff that Plaintiff's previously held position remained open and available. Plaintiff avers that Arnold remained at that work location and working at that location was not an option and communicated this to Hudson. Thereafter, Hudson refused to continue discussions about Plaintiff's re-employment with Defendant and refused to answer Plaintiff's telephonic and email communications.

14. Plaintiff has retained the undersigned to represent Plaintiff's interests in this cause and is obligated to pay a fee for these services. Defendant should be made to pay said fee under the laws applicable to this action.

## COUNT I

### GENDER DISCRIMINATION

15. Paragraphs 1 through 14 are realleged and incorporated herein by reference.

16. This is an action against Defendants for discrimination based upon gender for disparate treatment and hostile work environment.

17. Plaintiff has been the victim of discrimination on the basis of Plaintiff's gender in that Plaintiff was treated differently than similarly situated employees of Defendants who are of different gender and has been subject to hostility and poor treatment on the basis, at least in part, of Plaintiff's gender.

18. Defendants are liable for the differential treatment and hostility towards Plaintiff because it controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff. Furthermore, Defendants knowingly condoned and ratified the differential treatment of Plaintiff as more fully set forth above because it allowed the differential treatment and participated in same. Defendants' known allowance and ratification of these actions and inactions actions created, perpetuated and facilitated an abusive and offensive work environment within the meaning of the statutes referenced above.

19. In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were of a gender based nature and in violation of the laws set forth herein.

20. The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant. The events set forth herein lead, at least in part, to Plaintiff's termination on contrived allegations.

21. Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon gender in violation of the laws enumerated herein.

22. As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, bodily injury, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits. These damages have occurred in the past, are permanent and continuing. Plaintiff is entitled to punitive damages.

## COUNT II

## RETALIATION

23. Paragraphs 1 through 14 are hereby realleged and reincorporated as if set forth in full herein.

24. Defendant is an employer as that term is used under the applicable statutes referenced above.

25. The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff reported unlawful employment practices adversely affecting her.

26. The foregoing unlawful actions by Defendant were purposeful.

27. Plaintiff voiced opposition to unlawful employment practices during employment with Defendant and was the victim of retaliation thereafter, as related in part above.

28.     Plaintiff is a member of a protected class because of the reports of unlawful employment practices and the retaliatory victimization of Plaintiff thereafter.  There is thus a causal connection between the reporting of the unlawful employment practices and the adverse employment action taken thereafter.

29.     As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages.  These damages are continuing and are permanent.  Plaintiff is entitled to punitive damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

(a)     that process issue and this Court take jurisdiction over this case;

(b)     that this Court grant equitable relief against Defendants under the applicable counts set forth above, mandating Defendants obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

(c)     enter judgment against Defendants and for Plaintiff awarding damages to Plaintiff from Defendants for Defendants' violations of law enumerated herein, including all damages allowed by law and including punitive damages;

(d) enter judgment for Plaintiff permanently enjoining Defendants from future violations of law enumerated herein;

(e) enter judgment against Defendants and for Plaintiff awarding Plaintiff attorney's fees and costs;

(f) award Plaintiff interest and liquidated damages; and

(g) grant such other further relief as being just and proper under the circumstances.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues set forth herein which are so triable.

Dated this 1st day of May, 2012.

Respectfully submitted,

/s/ Marie A. Mattox
Marie Mattox [FBN 0739685]
MARIE A. MATTOX, P. A.
310 East Bradford Road
Tallahassee, FL 32303
Telephone: (850) 383-4800
Facsimile: (850) 383-4801
ATTORNEYS FOR PLAINTIFF